**Aiguan JIANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–4465.**

United States Court of Appeals, Second Circuit.

May 24, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas v. Massucci, New York, N.Y, for Petitioner.

Allen F. Loucks, Assistant United States Attorney for David N. Kelley, United States Attorney for the Southern District of New York, for Respondent.

Present: WINTER, KATZMANN, Circuit Judges and MURTHA, District Judge.**

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the petition for review is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED.**

Aiguan Jiang ("Jiang"), a native and citizen of the People's Republic of China, petitions this Court for review of a Febru-

ary 11, 2003 order by the Board of Immigration Appeals ("BIA") denying his motion to reconsider its November 25, 2002 dismissal of Jiang's appeal from the decision of an Immigration Judge ("IJ"). The IJ had denied Jiang's application for asylum and withholding of removal, as well as his application for protection under the United Nations Convention Against Torture.

We review the denial of a motion to reconsider for abuse of discretion. *See, e.g., Zhao v. United States Dept. of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Such an abuse of discretion may exist where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 93 (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Jiang's motion because, as the BIA noted, that motion failed to raise any argument not previously considered by the BIA in rendering its November 25, 2002 decision [1] and because that motion, more importantly, failed to specify any error of fact or law contained in the BIA's November 25, 2002 decision. *See Zhao,* 265 F.3d at 90. We note, as well, that to the extent that Jiang here challenges the adverse credibility determination made by the IJ, that challenge is

---

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

1. Petitioner claims that he did raise "at least one new argument," namely, that he is entitled to withholding of removal. This claim is meritless, given that: (a) the standard of proof for withholding of removal is even higher than the standard for asylum, *see Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); (b) the BIA had previously held that the petitioner failed to meet even the burden of proof for asylum; (c) the BIA's November 25, 2002 decision expressly rejected petitioner's application for withholding of removal; and (d) the petitioner, in the motion to reconsider, failed to specify any error of fact or law made by the BIA in rendering its decision on his asylum and withholding of removal applications.

not properly before us: For where a petitioner appeals from the denial of a motion to reconsider, we are "precluded from passing on the merits of the underlying [removal] proceedings." *Id.*

Accordingly, for the reasons stated above, the petition is **DENIED** and the order of the Board of Immigration Appeals is **AFFIRMED.**